CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

LETTER TO COUNSEL

      RE:    <u>Genuine Dubmax, Inc. v. Greektown, LLC, Civil No. SAG-11-812</u>

Dear Counsel:

This matter is before the Court on a motion to modify the current scheduling order, filed by Plaintiffs Genuine Dubmax, Inc. and Alexander Karas. [ECF No. 45]. No hearing is necessary. Local R. 105.6. For the reasons stated herein, the Plaintiffs' motion will be GRANTED. Both parties are cautioned that this is the last extension that will be granted with respect to the deadlines for expert witness disclosures.

Karas and Genuine Dubmax, Inc. ask the Court to extend the current discovery deadlines in the pending case. Among other proposed changes to the scheduling order, the plaintiffs wish to extend the deadlines by which both parties must file their expert witness disclosures. Defendant Greektown, LLC appears to agree that a longer discovery period would be beneficial. Nevertheless, Greektown opposes this motion to the extent that it would provide later deadlines by which the parties must provide expert witness disclosures. Greektown takes the position that Karas and Genuine Dubmax failed to timely file their required expert witness disclosures due to inexcusable neglect. Greektown appears to argue, accordingly, that Karas and Genuine Dubmax should not be allowed to use expert witnesses in this case.

Rule 26(a)(2) requires parties to disclose the identity of any expert witnesses who may be used at trial. Fed. R. Civ. P. 26(a)(2)(A). At the time of disclosure, parties must also provide written reports of the expected testimony of those expert witnesses. Fed. R. Civ. P. 26(a)(2)(B).

Under Rule 6(b), a court may, with good cause, extend the time for expert disclosures and other discovery matters. Fed. R. Civ. P. 6(b)(1).

Each party accuses the other of violating the current discovery schedule and the federal rules. Both parties are right. Genuine Dubmax and Karas timely identified their experts through their August 26, 2011 answers to interrogatories; however, Genuine Dubmax and Karas failed to provide written summaries of their experts' expected testimony. Greektown filed its Rule 26(a)(2) disclosures eight days after its deadline to do so, and also did not provide written summaries of its experts' expected testimony.

Because neither party has complied with Rule 26(a) to date, and in the interests of justice, this Court will grant the pending motion to modify the scheduling order. This will be done to ensure that both parties may engage in a full and complete discovery process, including the proper and timely exchange of all required information regarding each party's experts and their planned testimony. The new discovery deadlines follow:

| Date | Event |
|---|---|
| January 5, 2012: | Plaintiffs' Rule 26(a)(2) disclosures |
| February 6, 2012: | Defendant's Rule 26(a)(2) disclosures |
| February 20, 2012: | Plaintiffs' rebuttal Rule 26(a)(2) disclosures |
| February 27, 2012: | Rule 26(e)(2) supplementation of disclosures and responses |
| March 21, 2012: | Discovery deadline; submission of joint status report to the Court |
| March 28, 2012: | Requests for admission |
| April 19, 2012: | Dispositive pretrial motions. |

The Court notes that this is the last extension that will be granted with respect to the deadlines for expert witness disclosures. By each of the Rule 26(a)(2) deadlines, the appropriate party must

submit: (i) its list of expert witnesses; and (ii) those experts' written reports. These submissions must be filed as separate, stand-alone documents, though their content may also be included in other discovery responses as appropriate. The parties may not reserve the right to designate expert witnesses at a later time. Any changes to a party's Rule 26(a)(2) disclosures must be made by the February 27, 2012 deadline for Rule 26(e)(2) supplementation of disclosures.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United Stated Magistrate Judge